**Virginia VAN DUSEN; et al.,
Plaintiffs–Appellants,**

v.

**SWIFT TRANSPORTATION CO., INC.;
et al., Defendants–Appellees.**

No. 11–17916.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 2013.*

Filed Nov. 6, 2013.

Dan Getman, Getman & Sweeney, PLLC, New Paltz, NY, Jennifer Kroll, Susan Joan Martin, Martin & Bonnett PLLC, Phoenix, AZ, Edward Tuddenham, New York, NY, for Plaintiffs–Appellants.

Ellen M. Bronchetti, Esquire, Paul Scott Cowie, Esquire, Ronald J. Holland, Esquire, Sheppard Mullin Richter & Hampton LLP, San Francisco, CA, for Defendants–Appellees.

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

MEMORANDUM **

Virginia Van Dusen and Joseph Sheer appeal the district court's denial of their motion for reconsideration of the grant of Swift Transportation Co., Inc.'s (Swift) motion to compel arbitration. We have jurisdiction under 28 U.S.C. § 1292(b).

Our prior opinion in this case, *In re Van Dusen,* expressly held that a district court must determine whether an agreement for arbitration is exempt from arbitration under § 1 of the Federal Arbitration Act (FAA) as a threshold matter. 654 F.3d 838, 843–45 (9th Cir.2011). This ruling is the law of the case. *United States v. Jingles,* 702 F.3d 494, 499 (9th Cir.2012). Further, the resolution of this issue was germane to *Van Dusen's* consideration of the third *Bauman* factor (whether the district court's order was clearly erroneous), *see Bauman v. U.S. Dist. Court,* 557 F.2d 650, 654–55 (9th Cir.1977), and occurred "after reasoned consideration in a published opinion." *United States v. Johnson,* 256 F.3d 895, 914 (9th Cir.2001) (en banc) (plurality opinion). Therefore, the ruling is also the law of the circuit. *Id.* The district court erred in holding otherwise. On remand, the district court must determine whether the Contractor Agreements between each appellant and Swift are exempt under § 1 of the FAA before it may consider Swift's motion to compel.

**REVERSED AND REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.